22-6004
Shan v. Garland

BIA
Zagzoug, IJ
A208 111 476

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-three.

PRESENT:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge,*
>    RICHARD C. WESLEY,
>    GERARD E. LYNCH,
>        *Circuit Judges.*

_____

LIANG SHAN,
>    *Petitioner,*

>    v.                                                          **22-6004**
                                                                  **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

**FOR PETITIONER:** Troy Nader Moslemi, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liang Shan, a native and citizen of the People's Republic of China, seeks review of a December 7, 2021, decision of the BIA affirming a February 25, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liang Shan*, No. A208 111 476 (B.I.A. Dec. 7, 2021), *aff'g* No. A208 111 476 (Immig. Ct. N.Y. City Feb. 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao*

2

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Shan alleged that the police in China detained and beat her for practicing Christianity in an unregistered church and that she continues to practice Christianity and fears future harm as a result. Substantial evidence supports the

3

agency's determination that Shan was not credible.

The agency reasonably relied on Shan's inconsistent statements regarding how many people were arrested with her, how many police officers were involved, how long she was detained, how much money her father paid for her release, and how many times she reported to police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Despite an opportunity to explain these inconsistencies, Shan did not compellingly do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (quotation marks omitted)); *cf. Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (noting that an applicant's assertion that she was nervous or afraid did not overcome a record of a sworn interview statement).

The inconsistencies constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at

4

145 n.8.* The adverse credibility determination is dispositive of all forms of relief. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."). Contrary to Shan's contention, the IJ was not required to find her practice of Christianity sincere and credible based solely on her pastor's testimony, presumed credible, that she was baptized and attends church and did not err in concluding that, given the number of inconsistent statements provided under oath, she had been deceptive about her religious sincerity. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication

---

* We note that the agency's inconsistency finding regarding Shan's use of a passport on a trip to Thailand is not strong. Nevertheless, remand would be futile because the remaining findings constitute substantial evidence for the adverse credibility determination. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016); *see also Likai Gao*, 968 F.3d at 145 n.8.

independent of the petitioner's *own* credibility.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

                                                          FOR THE COURT:
                                                           Catherine O'Hagan Wolfe,
                                                           Clerk of Court